[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14392
Non-Argument Calendar
_____

D.C. Docket No. 5:16-cr-00001-RH-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JARROD LONNIE MOORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 24, 2017)

Before JORDAN, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Jarrod Lonnie Moore appeals his 57-month sentence, imposed at the low end of his guideline range, after he pleaded guilty to one count of conspiracy to commit Hobbs Act robbery and two counts of Hobbs Act robbery, all in violation of 18 U.S.C. § 1951.  Moore asserts the sentencing court erred in finding he did not qualify for a role reduction under U.S.S.G. § 3B1.2.  He contends that because he did not enter either of the two stores that were robbed, brandish the firearm, or actually commit the robberies, he was less culpable than his codefendant Zachary Hubbard, and thus qualifies for a mitigating role adjustment.

We review for clear error a district court's denial of a mitigating role reduction of a sentence.  *United States v. Bernal-Benitez*, 594 F.3d 1303, 1320 (11th Cir. 2010).  Section 3B1.2(b) of the Sentencing Guidelines states that if a defendant was a minor participant in the crime, his offense level should be decreased by two points.  U.S.S.G. § 3B1.2(b).  A minor participant is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." *Id.* § 3B1.2, comment. (n.5).  Under § 3B1.2(a), a district court may decrease a defendant's offense level by four levels if it finds the defendant was a "minimal participant" in the criminal activity.  *Id.* § 3B1.2(a).  In cases involving conduct falling between that described in (a) and (b), the Guidelines instruct the district court to decrease the offense level by three levels. *Id.* § 3B1.2.

2

In calculating a defendant's base offense level, the district court must first compare the defendant's role in the offense with the relevant conduct attributed to him. *Bernal-Benitez*, 594 F.3d at 1320. Second, the court may compare the defendant's conduct to that of other participants involved in the offense. *Id*.; *see also United States v. Stanley*, 739 F.3d 633, 654 (11th Cir. 2014) (emphasizing that a district court may take the second step, but is not required to do so). The defendant must prove his minimal or minor role by a preponderance of the evidence. *Bernal-Benitez*, 594 F.3d at 1320. A defendant is not automatically entitled to a mitigating role adjustment merely because he was somewhat less culpable than the other participants. *Id*. at 1320-21. "The fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants." *United States v. Rodriguez De Varon*, 175 F.3d 930, 944 (11th Cir. 1999) (*en banc*).

The district court did not clearly err in declining to apply a role reduction because Moore failed to prove that his role was minor or minimal by the preponderance of the evidence. *See Bernal-Benitez*, 594 F.3d at 1320. As Moore planned the robberies with Hubbard, assisted Hubbard in obtaining the firearm used in the robberies, encouraged Hubbard to commit a second robbery, and drove the getaway car from at least one of the robberies, the district court did not err in

3

finding Moore played an instrumental role in committing the robberies, and accordingly was not entitled to a role reduction. *See id.* at 1320-21.

Moreover, the district court's finding that Moore was less responsible than Hubbard, does not indicate that Moore was entitled to a mitigating role adjustment as the district court found, and the record supports, that neither Moore nor Hubbard were minor or minimal participants. *Rodriguez De Varon*, 175 F.3d at 944; s*ee Bernal-Benitez,* 594 F.3d at 1320-21. Accordingly, the district court did not clearly err, and we affirm.

**AFFIRMED.**